574 P.2d 1354 (1978)
98 Idaho 876
UNIVERSITY OF UTAH HOSPITAL AND MEDICAL CENTER, a licensed hospital, Sharon Ann Verikas, an indigent infant, and Peter Verikas and Terri Verikas, indigent persons, Roger Dale Hayden and Deborah Hayden, parents of Matthew Hayden, infant Deceased, Petitioners and Appellants,
v.
August C. BETHKE, Clerk, Elmer Ketterling, Chairman of the Board, Mrs. Jo Hillis and Lyle Barton, members of the Board of County Commissioners, Minidoka County, Respondents.
No. 11923.
Supreme Court of Idaho.
February 15, 1978.
*1355 Dean Williams, of Kerr, Williams & Clarke, Blackfoot, for petitioners and appellants.
Henry W. Manning, Pros. Atty., Minidoka County, Rupert, for respondents.

ON PETITION FOR REHEARING FOLLOWING OPINION OF JUNE 22, 1977
BISTLINE, Justice.
Following the first oral argument the Court affirmed a lower court decision in favor of respondents. The Hospital petitioned for a rehearing and a second argument was heard, after which the earlier opinion was withdrawn, and a second opinion issued favorable to petitioner Hospital and against the County. The County, in turn, has petitioned for a rehearing. We now withdraw all former opinions of the Court and substitute this as the Court's opinion.

I.
University of Utah Hospital and Medical Center (the Hospital), originally brought a mandamus proceeding to compel the Board of County Commissioners of Minidoka County, and its Clerk (the County), to issue certificates approving payment for the services which the Hospital had furnished to the infant Verikas, and also to the infant Hayden. Judge Cunningham, prior to the mandamus hearing, suggested that mandamus relief was not proper, this being the grounds on which the County had moved to dismiss the proceeding. Nonetheless, the motion was not passed upon at the time. Instead, it was agreed by counsel for the Hospital and counsel for the County, with the approval of Judge Cunningham, that since witnesses were present, the parties could submit all their evidence regarding the Hospital's claim against the County.
Judge Cunningham took the case under advisement and rendered a comprehensive Memorandum Decision in which he denied mandamus relief on the grounds that the Hospital's remedy against the County by way of appeal, as provided by I.C. § 31-3505, enacted into law in 1974, was entirely adequate. Since the parties had also argued the question of whether the County was justified in denying the Hospital's application for certification, Judge Cunningham concluded that it was in the interests of judicial administration to consider the proceeding also as an appeal of the Clerk's refusal to grant certification. He stated, however, that his findings and conclusions might be only dicta.
When the case was first argued in March, 1976, this Court decided not only to review the lower court's denial of mandamus but also to review Judge Cunningham's determination *1356 that the County Clerk had not erred in refusing certification. That decision was made notwithstanding the fact that the Court was advised at oral argument that there had been, in fact, an appeal taken to district court from the County's refusal to allow certification. That appeal proceeding was an entirely separate action and was before Judge Kramer. Relying heavily on the earlier decision of Judge Cunningham, Judge Kramer affirmed the Clerk's denial of certification. That final decision had also been appealed to this Court where it is still pending and understandably not being moved in view of the action this Court took in regard to the appeal taken from Judge Cunningham's decision.
When the rehearing was granted in this case, the Court pursued the same path it had followed in entering the first opinion, namely, to continue treating Judge Cunningham's decision as dispositive both of the claim for mandamus relief, and of the appeal to district court of a county decision denying certification. In the June, 1977 opinion, we ordered that the two cases stood consolidated both here and in any further proceedings in district court.
In its petition for rehearing, following the announcement of the second opinion in this case, the County complains of the procedures so followed, claiming that it has been prejudiced by the loss of certain defenses which it would have made except for the extraordinary procedures which have taken place in these two highly convoluted cases.
We now believe it was error upon our part to have treated Judge Cunningham's decision as a dual final determination, i.e., a decision denying mandamus relief, and as a final determination on an appeal from a clerk's refusal to allow a certificate of medical indigency. The two cases must and henceforth shall be treated separately.

II.
We affirm Judge Cunningham (case No. 11923) in his conclusion that the statutory procedure sets up an adequate remedy by appeal, and hence mandamus was properly denied. It follows that Judge Cunningham likewise committed no error in denying the Hospital's motion for a new trial.
Judge Cunningham had for his consideration the first case which arose after the legislature made extensive alterations to existing County Poor Relief law by the enactment of Chapter 302, 1974 Idaho Sess. Laws, page 1769. Judge Cunningham denied mandamus relief on the premise that an appeal procedure is adequately provided.
I.C. § 31-3505 sets up the appeal procedure a district court is to follow in situations where the certificate of medical indigency is refused:

If the court finds on appeal that the individual named in the application is medically indigent, then the court shall enter judgment accordingly, fixing the amount to be paid. (Emphasis added.)
A definition of medical indigency was provided by I.C. § 31-3502(1):
(1) "Medically indigent" means any person who has been hospitalized or is in need of hospitalization and who, if an adult, together with his or her spouse, or whose parents or guardian if a minor, does not own assets or does not have an average monthly income from all sources from which said parties could reasonably be expected to pay the amount incurred or to be incurred for such hospitalization.
It has been argued that there is a difference between the single determination which a district court is to make on appeal as against the apparently more extensive determination which the county clerk makes in certifying or refusing to certify a claim. I.C. § 31-3405, as it read at all times pertinent to this case, authorized the clerk to issue a certificate only if
fully satisfied that the person is medically indigent, or sick, or otherwise indigent and in destitute circumstances, that there is no work available to him which he is mentally and physically capable of performing, and would suffer unless aided by the county. (Emphasis added.)
*1357 We have reviewed the history of I.C. § 31-3405. Its present inartful draftsmanship results from the attempt to combine into one sentence the separate clerk functions mandated by the Indigent Sick Act of 1864, the Poor Act of 1883 and the Medical Indigency Act of 1974. Understood against this background, and viewed in the full context of Chapters 34 and 35 of Title 31 of the Idaho Code, it becomes clear that the standard the county clerk is to apply in determining medical indigency is precisely the same as that which the district court is to use in reviewing said determination on appeal. That is to say, both the county clerk and the district court are required only to determine that the claimant is "medically indigent" as that term was defined by the 1974 legislature.[1]
The judgment of the trial court in case No. 11923 holding that mandamus was not the Hospital's proper remedy is affirmed, with costs to respondent.

III.
The parties are free to continue further proceedings in the appeal from Judge Kramer's decision on the I.C. § 31-3505 appeal, case No. 12275, in this Court, without any constraints by reason of the delay caused by this Court's improvident and now rescinded consolidation of the two cases.
McFADDEN, DONALDSON and BAKES, JJ., concur.
SHEPARD, C.J., concurs in result.
NOTES
[1] It should be noted that the decision of the Court today applies only to cases arising under the 1974 amendments. The legislature, in 1976, made further extensive amendments to this statute. See ch. 121, 1976 Idaho Sess. Laws 462-469.